## Firemen's Insurance Company

v.

## Charles E. Peck.

*Corporations—Transfer of Stock—Refusal to Allow—Action for Damages—Competency of Witness—Sufficiency of Evidence to Support Finding —Practice.*

1. Where the trial was without a jury, and it does not appear from the bill of exceptions that the defendant excepted to the finding or moved for a new trial, he can not, in this court, challenge the sufficiency of the evidence to support the finding.

2. In an action by the assignee of a certificate of stock against a corporation to recover damages for the wrongful refusal of the defendant to allow a transfer on its books, the death of the original holder of such certificates does not render the plaintiff incompetent as a witness.

[Opinion filed July 3, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding.

Messrs. George R. Grant and Edward Roby, for appellant.

Messrs. William C. Wilson and David L. Zook, for appellee.

*Per Curiam.* This was an action on the case brought by appellee against the insurance company, appellant, to recover

damages for the wrongful refusal of the latter to allow a transfer on its books of thirty shares of its capital stock, of $100 each, for which it had issued a certificate in the usual form to one Louise B. W. Bowen, as paid-up stock, who had indorsed said certificate in blank and which appellee had taken of one S. P. Walker for a valuable consideration, *bona fide*, and, having filled up said blank with an assignment to him, appellee, he demanded of appellant the making of such transfer on its books, which the latter refused. The defendant having pleaded the general issue, the case was, by agreement of the parties, submitted to the court for trial without a jury, and the court finding the defendant guilty, assessed plaintiff's damages at $5,000, for which judgment was given with costs, and defendant took an appeal to this court.

The entire discussion on behalf of appellant relates to the error assigned, that the judgment was against the law and the evidence, and that plaintiff was an incompetent witness in his own behalf.

It does not appear from the bill of exceptions that the defendant either excepted to the finding of the court, or made a motion for a new trial. That being the case, the defendant is precluded in this court from challenging the sufficiency of the evidence to support the finding. Neither does it appear that any propositions of law were submitted to the court by either party.

We do not find, nor are we able to perceive any ground of objection to the competency of the plaintiff as a witness; the ground that the original holder of the certificate having died, rendered plaintiff incompetent, is not tenable.

We are of the opinion that there is no available error in this record, and that the judgment should be affirmed.

*Judgment affirmed.*