THE FIREMEN'S INSURANCE COMPANY

*v.*

CHARLES E. PECK.

*Filed at Ottawa November 15, 1888.*

1. BILL OF EXCEPTIONS—*what it must contain, in order that proceedings may become matter of record.* If a party desires to have the finding of the trial court on the evidence, and its refusal of a new trial, considered by an appellate court, he must, by bill of exceptions, show the motion for a new trial, its refusal by the court, and exception to the ruling. It is not sufficient that the transcript of the record, as made by the clerk, shows such motion, its disposition, and an exception.

2. WITNESS—*competency—party to suit.* In an action on the case against a corporation, by the assignee and holder of shares of stock in such corporation, for its refusal to transfer to him such stock upon its books, the plaintiff is a competent witness in his own behalf. The fact that the original holder and endorser of the certificate of stock was dead, or the fact that the person who transferred the certificate, endorsed in blank, to the plaintiff, was dead, would not render the plaintiff incompetent to testify. In such case, the controversy or litigation is not with the representatives of the prior holders of the stock.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. EDWARD ROBY, for the appellant, contended, that on the motion for a new trial, (the order overruling the same and the exception to the ruling appearing in the record itself,) a bill of exceptions was not necessary in order to question the propriety of the ruling in the trial court on the motion,—citing in support of his position, Bouvier's Law Dic. title "Exceptions;" Raymond on Bill of Exceptions, 1-10; *Randolph* v. *Emerick,* 13 Ill. 345; *Ferry Co.* v. *People,* 101 id. 448; *Suydam* v. *Williamson,* 20 How. 423; *Burnett* v. *Butterworth,* 11 id. 669; *Slocum* v. *Turnery,* 6 Cranch, 221; *Downing* v. *Baldwin,* 1 S. & R. 299; *Murdock* v. *Herndon,* 4 H. & M. (Va.) 206; *Metcalf* v. *Fouts,* 27 Ill. 114; *Jones* v. *Buffum,* 50 id. 279.

Mr. WILLIAM C. WILSON, and Mr. DAVID L. ZOOK, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Appellee prosecuted this action on the case against the appellant corporation, in the Cook circuit court, for the refusal of the latter to transfer to him, or permit to be so transferred, on the books of the company, thirty shares of the capital stock of the company, and recovered a judgment for $5100 damages, which judgment was afterward affirmed in the Appellate Court for the First District.

The case was tried before the circuit court without a jury. The transcript of the record, as made by the clerk of that court, recites that a motion for a new trial was made by the defendant, and overruled by the court, to which ruling the defendant excepted, and that thereupon the court rendered judgment and awarded execution; and also contains the further statement, "to all of which the said defendant, by its attorney, now here excepts." The Appellate Court held, that as it did not appear from the bill of exceptions that appellant either excepted to the finding of the trial court, or made a motion for a new trial, and saved an exception to the decision of the court overruling the same, he was precluded from challenging, in the Appellate Court, the sufficiency of the evidence to support the finding, and therefore declined to consider the assignments of error in that behalf. It is now assigned as error in this court, upon the record made in the Appellate Court, that the latter court erred in refusing to consider the sufficiency of the evidence to sustain the finding, and in holding that there was no available error in the record, because it did not appear, by bill of exceptions, that exception was taken to the finding of the court, or that a motion for a new trial was made.

The rule announced by the Appellate Court is the settled law of this State, as determined in a long line of decisions.

*Vanderbilt* v. *Johnson,* 3 Scam. 48; *Dickhut* v. *Durrell,* 11 Ill. 72; *Boyle* v. *Levings,* 28 id. 314; *Daniels* v. *Shields,* 38 id. 197; *Gill* v. *People,* 42 id. 321; *Jones* v. *Buffum,* 50 id. 277; *Drew* v. *Beall,* 62 id. 164; *Nason* v. *Letz,* 73 id. 371; *Reichwald* v. *Gaylord,* 73 id. 503; *Force Manf. Co.* v. *Horton,* 74 id. 310; *Knott* v. *Swannell,* 91 id. 25; *James* v. *Dexter,* 113 id. 654; *Martin* v. *Foulke,* 114 id. 206; *Graham* v. *People,* 115 id. 566; *Wolf* v. *Campbell,* 23 Bradw. 482, and numerous other cases.

We are strenuously urged by counsel for appellant, in very able and elaborate briefs and arguments, to change the rule so long established by the decisions of the court, and hold that if the proper motions and exceptions appear in the judgment order or order allowing an appeal, as made up by the clerk and certified by him, then it is not essential they should appear in the bill of exceptions signed and sealed by the judge. Were the question an open one, we might be inclined so to hold; but the rule now objected to is a settled rule of practice in this State, and has been announced and followed for so long a time and in so many cases, that it ought not to be departed from, and we must therefore decline to enter into a discussion as to its propriety. The rule, as held, is familiar to the profession and is easily understood, and there is no difficulty or hardship in conforming to its requirements.

No propositions of law were, at the trial, submitted to the court, and the only other question that is before us, is in respect to the decision of the trial court that appellee was a competent witness in his own behalf. The common law disqualification on account of interest in the result of the litigation being removed by the statute, he was clearly a competent witness in this suit against appellant. The latter was not defending the suit in any of the fiduciary capacities specified in section 2 of the Statute of Evidence and Depositions. The fact the original holder and endorser of the certificate of stock was dead, or the fact that the person who transferred the cer-

tificate, endorsed in blank, to appellee, was dead, did not render appellee incompetent to testify in this litigation, where the controversy was not with the representative of either of such deceased persons. There was no error in the ruling of the circuit court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*