Chicago, Paducah and Memphis Railroad Company

*v.*

David A. Goff.

*Filed at Mt. Vernon November 4, 1895.*

1. New Trial—*motion for, may be filed in writing after denial of oral motion.* A written motion for new trial, filed during the term, will not be stricken from the files on the motion of a party who has proceeded voluntarily to the hearing of a previous oral motion.

2. Trial—*instruction referring to land as the defendant's "farm."* In condemnation, an instruction is not misleading because it refers to the tract of land claimed to be damaged as defendant's "farm," where the testimony had so referred to it, although said defendant was shown to have had another tract near, called his "home farm."

Appeal from the County Court of Jefferson county; the Hon. William T. Pace, Judge, presiding.

Norman H. Moss, and C. H. Patton, for appellant:

The motion for new trial is preserved in the bill of exceptions, and the action of the court in overruling the

same and of petitioner in excepting to said ruling is also complete and duly preserved in the bill of exceptions herein. This is in full compliance with the rule laid down by this court in the case of *Graham* v. *People*, 115 Ill. 566, and the cases there cited.

William H. Green, for appellee:

Section 57 of the Practice act requires that a party wishing to move for a new trial must file the points in writing, particularly specifying the grounds of such motion; and it is further provided that "final judgment shall thereupon be stayed until such motion can be heard by the court." It is not a compliance with this provision of the statute to argue a motion for a new trial, and afterwards reduce a motion to writing.

Mr. Justice Carter delivered the opinion of the court:

This was a proceeding in the county court of Jefferson county, under the Eminent Domain act, by the appellant company, for the condemnation of a strip of land eighty feet in width, and extending across the west side of a forty-acre tract owned by appellee. The petition seeks to have the compensation to be paid ascertained according to law. Appellee filed a cross-petition, claiming damages to his adjoining and contiguous land not taken. The jury returned a verdict of $25 for the land taken, being two and one-half acres, and $100 damages to the land not taken, upon which the court rendered judgment.

By the record it appears that the written motion and points of appellant for a new trial were filed after the hearing thereof, and after the motion for a new trial was made and passed on by the court, but at the same term. Appellee, defendant below, moved to strike the written motion from the files, because the same was filed after the court had passed upon the motion for a new trial, and because the motion for a new trial made and overruled was only a verbal one, and the matter in the written

motion had never been seen, read to nor passed upon by the court. This motion was overruled and defendant excepted to the ruling of the court.

It is urged by counsel for appellee that it is not a compliance with the provision of the statute to argue a motion for a new trial and afterwards reduce the motion to writing and file it, as required by the statute, and that the motion for a new trial is not properly in the record nor before this court, and that a compliance with the statute requires that a party wishing to move for a new trial must file the points in writing, particularly specifying the grounds of such motion before it can be heard. This court held in *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath*, 91 Ill. 104, that it would be the correct and better practice to file the points in writing and preserve them in the bill of exceptions; that the trial court may, under the statute, of its own motion, require to be filed the points in writing, giving the grounds for which a new trial is asked, and that the opposite party may, by rule, compel the same thing to be done, but that no good reason could be perceived why he might not, the court not objecting, waive them; and in that case, as in the one at bar, the motion for a new trial was argued without them, and was submitted to the court for a decision, and it was held to be too late to object for the first time in the Appellate Court, and that it would be unjust and unfair to permit defendant, when he could have had the written reasons for the motion before the argument by asking for them, to quietly lie by and argue the motion, and afterwards object. This court further said (p. 110): "The court has, time and again, both under the present and prior statutes, impliedly held it would pass upon the evidence and the action of the lower court in overruling the motion for a new trial, regardless of whether it appeared from the bill of exceptions that the points in writing were filed, or given to the court and counsel, or not " The bill of exceptions filed herein

shows that petitioner made a motion for a new trial, that it was overruled by the court, and that petitioner then and there excepted to the decision of the court in overruling said motion, and therefore this court can consider the question of the sufficiency of the evidence to support the verdict. (*Firemen's Ins. Co.* v. *Peck*, 126 Ill. 493; *Illinois Central Railroad Co.* v. *O'Keefe*, 154 id. 508.) The statute provides, that "if either party may wish to except to the verdict, or for other causes to move for a new trial or in arrest of judgment, he shall, before final judgment be entered or during the term it is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court." The "points in writing" were filed during the term, and as defendant below went to a hearing of the motion before they were filed, the court committed no error in refusing to strike them from the files.

An examination of the evidence preserved in the record shows considerable difference in the opinions of the witnesses as to the damages sustained by appellee, but we are unable to say that the evidence does not justify the verdict; neither do we perceive any serious objections to the giving of appellee's instructions, as they could not have misled the jury.

The third instruction given for appellee is objected to because it stated that if the jury believed, from the evidence, that the defendant's farm had been cut off from the highway, and that it was thereby rendered more inconvenient to reach a highway, such inconvenience or damage, if any, was a matter proper for the jury to take into consideration in estimating his damages, if any were proved. It is argued that as there was evidence that the home farm of appellee was some distance from the forty-acre tract in question, and that the forty-acre tract was not a "farm," the instruction was calculated to mislead the jury, by having them conclude that damages might

result from his home farm being cut off from the highway.
We do not think the jury would so understand the in-
struction.  The forty-acre tract was spoken of in the tes-
timony as the "farm," while the home place of defendant
below was spoken of as the "home farm."  There could
have been no doubt in the minds of the jury which land
was referred to by the word "farm" in the instruction.
It was clear that it was the forty-acre tract in question.

Other instructions are criticised, but we do not think
they are open to the objections urged.  Taking the in-
structions as a series, we think the jury were fairly in-
structed, and that the law was stated as favorably to
appellant as it was entitled.

Counsel for the petitioner sought to show, on the cross-
examination of the defendant below, by certain questions
put to him, that the land in question had no present pro-
ductive value, and that he derived no income from it;
but the court sustained the objections interposed to the
questions and refused to permit the witness to answer,
and appellant insists that this ruling of the court was
erroneous, and that the judgment should for this error
be reversed.  We agree with counsel that the proffered
testimony would have been proper on cross-examination
of the witness, as bearing upon the value of the land and
the damages the owner would sustain by the location of
the railroad upon it, had it not otherwise appeared that
the owner derived no income from it, but simply used it
in obtaining his firewood.  But as the whole evidence
showed that the land was a timbered tract, only a few
acres of it cleared, and the witnesses, in fixing its value
before and after the location of the road, treated it as a
piece of unfenced timbered land producing no present
income, we cannot see how appellant was prejudiced by
this ruling of the trial court.

Finding no substantial error the judgment will be
affirmed.                                    *Judgment affirmed.*