## Dan Sherrod, J. W. Sherrod and J. W. Mitchell v. T. W. Ozment.

1. EXCEPTION—*Must be Taken, etc.*—Where no exceptions are taken to the rulings of the trial court, such rulings can not be questioned in the Appellate Court.

Assumpsit.—Trial in the Circuit Court of Saline County, on appeal from a justice of the peace; the Hon. ALONZO K. VICKERS, Judge, presiding. Finding and judgment for plaintiff; appeal by defendants. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

R. S. MARSH and WILLIFORD & THOMPSON, attorneys for appellants.

LEWIS, SOMERS & CAPEL, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

In this case appellee makes the point that the bill of exceptions shows no exceptions taken to the rulings of the court, or to the judgment rendered. Appellants' assignments of error are as follows:

Sherrod v. Ozment.

First Assignment. That the court refused to allow defendants to dismiss their appeal.

No motion of this character appears in the clerk's record to have been made. In the bill of exceptions the following appears: "Be it remembered that at the September term of this court, and before T. W. Ozment was made a party plaintiff to this suit, the said defendants, by their attorney, appeared and made a motion asking that the defendants be allowed to dismiss their appeal; the said motion was by the court denied."

As no exception appears to have been taken to this ruling of the court, it is not before us for review.

Second Assignment. That the court suffered the name of John W. Russell, plaintiff in the original suit, to be erased and the name of T. W. Ozment substituted as party plaintiff, over the objections of the defendants.

Neither the record nor the bill of exceptions shows any exceptions taken to the ruling of the court allowing the substitution of the name of T. W. Ozment as plaintiff in the place of John W. Russell. There is nothing then in the second assignment of errors before this court for review.

Third Assignment. That the judgment of the court is contrary to and against the law and the evidence in the case.

. In this case a jury was waived and trial by the court. Judgment was given for plaintiff for $85 and costs of suit. The record of the clerk is as follows: "To the rendition of which said judgment the defendants, by their attorneys, now excepts and prays an appeal," etc. The bill of exceptions does not show any exception to the finding of the court or to the judgment, and no motion for a new trial.

The record of the clerk of an exception to the judgment, when the case is tried by the court, and no motion made for a new trial, is not sufficient to bring it before an appellate court for review. This point was decided, after full discussion, in Fireman's Ins. Co. v. Peck, 126 Ill. 493.

There is nothing then before this court for review. Judgment affirmed.