Young v. Wells Glass Co.

87  537
a187s626

## C. S. Young v. Wells Glass Co.

1. APPELLATE COURT PRACTICE—*Bill of Exceptions—What it Must Show.*—A bill of exceptions must show that the party either excepted to the finding of the court, or made a motion for a new trial.

2. SAME—*Motion for a New Trial—How Made a Part of the Record.*—The certificate of the clerk does not make the motion for a new trial a part of the record; the law requires the certificate of the judge and not of the clerk, to that fact.

Assumpsit.—Common counts. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed February 13, 1900.

JAMES H. TELLER, attorney for appellant.

HENRY W. WOLSELEY, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

The judgment of the Superior Court in this case must be affirmed. No points in writing specifying the grounds of any motion for a new trial appear in the transcript of record as provided by Sec. 57 of the practice act; neither does it appear in the bill of exceptions that a motion for a new trial, either oral or in writing, was made or filed, and overruled, and exceptions taken.

The bill of exceptions does not mention, and makes no reference to a motion for a new trial; or to points in writing specifying the grounds for any such motion; or to the overruling of such a motion; or to any exceptions relating to the overruling of such a motion.

The clerk of the trial court states in the record that "The defendant, Charles S. Young, submits herein his motion for a new trial in said cause." Also that "This cause coming on to be heard upon the motion of the said defendant, Charles S. Young, heretofore filed herein," the same is overruled. But that does not make it a part of the record.

"The law requires the certificate of the judge and not of the clerk, to that fact." Boyle v. Livings, 28 Ill. 316, cited with approval in O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 108; Gould v. Howe, 127 Ill. 252.

"It must appear from the bill of exceptions that the defendant either excepted to the finding of the court, or made a motion for a new trial." Fireman's Ins. Co. v. Peck, 27 Ill. App. 91, affirmed in 126 Ill. 493.

This point is definitely presented by counsel for appellee in his brief and argument, long since filed in this cause, and counsel for appellant must have been advised of same, but make no reply.

The judgment of the Superior Court is affirmed.