## Standard Fuel Company v. Garden City Fuel Company.

### Gen. No. 11,363.

1. AFFIRMANCE—*does not follow striking bill of exceptions from transcript.* Notwithstanding a bill of exceptions may be stricken from the transcript yet an affirmance will not be ordered, inasmuch as the common-law record is still before the court for review.

2. BILL OF EXCEPTIONS—*when motion to strike, denied.* The absence of any exceptions in a bill of exceptions properly filed is not ground for striking the same from the record.

3. BILL OF EXCEPTIONS—*when, presents nothing for review.* A bill of exceptions which shows no exceptions in a cause tried before the court without a jury and contains no propositions of law held or refused by the court, presents nothing for review.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed November 29, 1904.

J. E. Henley, J. F. Randolph and F. H. Novak, for appellant.

Harvey Strickler, for appellee.

Mr. Presiding Justice Stein delivered the opinion of the court.

Appellant sued appellee for the purchase price of coal sold and delivered under a contract between them. Appellee pleaded a set-off, claiming damages from appellant for its alleged breach of the contract in failing to deliver further coal as thereby required. At the trial before the court, a jury having been waived, appellee admitted an indebtedness of $310.85 for coal received by it and introduced proof tending to show a breach of the contract by appellant. The court found the issues for appellee and assessed its damages in the sum of $650, for which judgment was rendered against appellant. This appeal is from the judgment.

The motion of appellee to strike the bill of exceptions from the record and affirm the judgment, having been reserved to the hearing, will first be disposed of. It is predicated upon the want of any exceptions in the bill of exceptions. We do not consider this a sufficient reason. It does not appear that the bill was improperly filed, and the motion will be denied. Were there no bill whatever in the record, still the judgment should not be affirmed on that ground alone. The record proper, that is, the common-law record, would still be before the court.

Appellant has assigned various errors in respect of the proceedings at the trial; but the condition of the record is such that we are precluded from considering them. The bill of exceptions sets forth the evidence, and nothing further. It shows no propositions of law held or refused, no finding by the court, no judgment and no exception. The transcript of the record as made by the clerk recites that a motion for a new trial was made by the plaintiff and overruled by the court, and that the court rendered judgment and awarded execution, whereupon plaintiff,

" having entered its exceptions herein, prays an appeal," etc. In Firemen's Insurance Company v. Peck, 126 Ill. 493, and in many other cases decided by the Supreme Court and the Appellate Courts both before and since, it was held that in order to entitle a party to a review by an appellate court of the finding and judgment of the trial court, he must by bill of exceptions show proper exceptions to its rulings, and that it is not sufficient for the transcript of the record made by the clerk to show the exception.

The record presents no questions which we have a right to consider, and the judgment is therefore affirmed.

*Affirmed.*