Ross v. Berry, 16 N. M. 778.

WILLIAM H. POPE,
Chief Justice.

[No. 1418.    January 4, 1912.]

PETER ROSS, Jr., Appellant, v.   PATRICK BERRY, Jr., etc., Administrator, Appellee.

SYLLABUS.

1.  It was not necessary for the appellant to have had the transcript of evidence signed and settled as a bill of exceptions in order to have made the same a part of the record.

2.  The bill of exceptions, especially when it includes the evidence in a case, can only be settled by the trial judge who presided at the trial.

3. Motion to strike bill of exceptions containing the transcripts of the evidence and the findings of fact and conclusions of law, signed and settled by the presiding judge of the district, but not by the trial judge, sustained.

4. Motion at this time by appellant to settle the transcript of evidence and bill of exceptions by adding thereto the certificate of the trial judge, overruled. In so far, however, as said motion may be construed as a motion in diminution of the record for the purpose of having the findings of fact and conclusions of law, together with the exceptions thereto, made a part of the record proper, the same will be granted.

Appeal from the District Court for Colfax County, before C. J. ROBERTS, Associate Justice. Motion to strike sustained, but motion to dismiss denied.

J. LEAHY and H. L. BICKLEY for Appellant.

E. C. CRAMPTON and L. S. WILSON for Appellee.

Record proper. Laws 1897, chap. 57, secs. 22, 24, 26; Street v. Smith, 15 N. M. 95.

The statute requires five days' notice to the opposite party before signing and settlement of the bill, this was not given, it is mandatory. Laws 1907, chap. 57, sec. 26; in re Scott's Estate, 61 Pac. 98, Cal.; State v. Howard, 46 Pac. 650, Wash.; Safford v. Turner, 37 Pac. 121, Kas.; McKay v. Railway Co., 31 Pac. 999, Mont.; Van Why v. S. P. R. R. Co., 86 Pac. 485, Utah.

Bill of exceptions, especially when it contains the evidence, can be settled only by the trial judge. Maloney v. Adsit, 175 U. S. 281.

The bill of exceptions was never filed with the district clerk. Pettit v. People, 52 Pac. 676, Colo.; L. & N. R. R. v. Schmidt, 46 N. E. 344, Ind.

## OPINION OF THE COURT.

WRIGHT. J.—This is an appeal from the district court of Colfax county. Trial was had in the lower court

before Associate Justice Mechem in the absence of the presiding judge of said court. Jury was waived and trial was had before the court. Findings of fact and conclusions of law were duly made and filed. Judgment was entered thereon in favor of the plaintiff, from which judgment the defendant duly prayed an appeal to this court. Thereafter, and prior to the return day of such appeal an alleged record and bill of exceptions were prepared by counsel for the appellant, and upon the 26th day of July, 1911, presented to Associate Justice Roberts, the presiding judge of the Fourth Judicial District, which district includes the County of Colfax. It also appears that just prior to the presentment of such alleged record and bill of exceptions counsel signed the following stipulation which was indorsed upon the original copy of such alleged record and transcript: "It is agreed the foregoing constitutes a full and complete transcript of the record and proceedings of the district court in the foregoing cause." Upon such stipulation Associate Justice Roberts signed and settled such alleged record and bill of exceptions, which were thereupon filed in this court. Thereafter, prior to the first day of the present term, appellee filed a motion to strike such alleged bill of exceptions from the record because the same was not properly settled and signed as provided in Section 26, Chapter 57, Laws of 1907, and also prayed the dismissal of the appeal. Section 26, Chapter 57 of the Laws of 1907, reads as follows: " * * * * after such trial any party to the action may require the court stenographer to transcribe the whole or any part of his stenographic notes and when the stenographer shall have transcribed his notes he shall file the same in the office of the clerk of the court in which the action in which they were taken was tried and thereupon either party to said cause desiring to have the same or other matters under Section 25 of this act embodied in a bill of exceptions, may give five days notice to the opposite party of his intention of applying to the judge of the court in which said cause was tried to have the judge of said court sign and seal the same in proper form as a bill of exceptions. * * * *" It does not appear from the transcript filed in this court that the find-

Ross v. Berry, 16 N. M. 778.

ings of fact and conclusions of law therein set out as a part of the bill of exceptions were ever filed in the office of the district clerk so as to entitle the same to become a part of the record proper. If such findings of fact and conclusions of law are now before this court they are so by reason of being incorporated in the bill of exceptions and not as a part of the record proper. Under our procedure, Section 24, Chapter 57, Laws 1907, it was not necessary for the appellant to have had the transcript of evidence signed and settled as a bill of exceptions in order to have made the same a part of the record. Section 24, Chapter 57, Laws 1907, provides that: "In all actions tried without a jury the testimony taken before the court or that taken by a referee, the transcribed notes of the stenographer in such cases, properly certified by the court or referee * * * * shall become and be a part of the record for the purpose of having the case reviewed by the Supreme Court upon appeal or writ of error without any bill of exceptions."

The sole question raised by the motion to strike, then, is as to the effect of the signing and settling of the alleged bill of exceptions by Associate Justice Roberts, the presiding judge of the district court of Colfax county, who was not, however, the judge who tried the case. Whether we shall consider the action of Associate Justice Roberts as taken under the provisions of Section 24 or under the provisions of Section 26, quoted supra, the sole question raised by the motion to strike is as to the meaning of the two expressions, "properly certified by the court or referee," contained in Section 24, and the expression "judge of the court in which said cause is tried, to have the judge of said court sign and seal the same in proper form as a bill of exceptions." It is a fundamental principle that the bill of exceptions, especially when it includes the evidence in a case, can only be settled by the trial judge who presided at the trial. The reason for this is obvious. A judge who has not heard the evidence could not be in a position to settle a bill of exceptions containing such evidence. It is clear, therefore, that such is the proper and only construction of the words

quoted supra from Sections 24 and 26. Street v. Smith, 15 N. M. 95, 103 Pac. 644; Maloney v. Adsit, 175 U. S. 281.

At common law the rule was that where the settling of the bill of exceptions was rendered impossible for some reason, such as by the death of the trial judge or his resignation from office, the only remedy was to be found in a motion for new trial, which was granted as a matter of course. (Maloney v. Adsit, cited supra). Nor does the stipulation of counsel avoid the necessity of the signature of the trial judge, either under the provisions of Section 24 or of Section 26. (Maloney v. Adsit, cited supra.) Counsel for appellant suggests that the reason the transcript of evidence was not submitted to the trial judge for settlement was due to the absence of the trial judge from the territory, which rendered such procedure impossible prior to the return date of such appeal. Section 36, Chapter 57, Laws 1907, as amended by Section 4, Chapter 120, Laws 1909, clearly outlines the proper procedure under such circumstances and should have been followed in this case. The motion to strike the bill of exceptions containing the transcript of the evidence and the findings of fact and conclusions of law must, therefore, be sustained. In so far as the motion of appellee seeks to dismiss the appeal, the same must be denied as the record proper containing the pleadings and all other instruments properly filed in the office of the district clerk is still before the court.

The appellant, also, upon the first day of the term, filed a motion for diminution of the record in an effort, at this late date, to attach to the bill of exceptions, a proper certificate signed by the trial judge. The motion also seeks to incorporate in the record proper the findings of fact and conclusions of law, together with the exceptions of counsel thereto, which appear, by certificate of the clerk filed with said motion, to have been properly filed, but for some reason to have been omitted from the transcript of the record proper.

In so far as the appellant's motion seeks, at this time, to settle the transcript of evidence and bill of exceptions by adding thereto the certificate of the trial judge, it must be overruled. In so far, however, as said motion may be construed as a motion in diminution of the record for the purpose of having the findings of fact and conclusions of law, together with the exceptions thereto, made a part of the record proper, the same will be granted.