[No. 3065. Nov. 5, 1925.]

SCHAEFER v. WHITSON.

[241 Pac. 31.]

SYLLABUS BY THE COURT

1. Section 27, c. 43, Laws 1917, construed and held, that the judge of the court in which the case was tried, and not a judge of another district specially appointed to hold, court for the regular presiding judge, is the only proper one to settle and sign a bill of exceptions. If the judge of the court in which the case is tried is not properly circumstanced to settle and sign the bill of exceptions, the chief justice of the Supreme Court may, under the Constitution, designate another district judge to perform this official act.

2. The absence of any exceptions in a bill of exceptions properly authenticated and filed is not ground for striking the same from the record.

Appeal from District Court, Bernalillo County; Ryan, Judge.

Action by W. A. Schaefer against Emma C. Whitson, trading under the name of the Whitson Music Company. Judgment for defendant, and plaintiff appeals. Defendant moves to strike the bill of exceptions. Motion overruled.

T. J. Mabry, of Albuquerque, for appellant.

Klock & McGuinness, of Albuquerque, for appellee.

OPINION OF THE COURT

BICKLEY, J. Appellant has filed in this case a transcript of record which contains a bill of exceptions. The appellant was not present at the trial in person or by counsel. A motion for new trial was filed by appellee, the sufficiency of which motion is challenged by appellant. Appellant filed a motion to vacate and set aside the judgment. Both of these motions were overruled by the trial court. Subsequently, appellant prayed for and was allowed an appeal.

[1] 4CJ p. 248 n. 30.
[2] 4CJ p. 326 n. 95.

Judge Ryan, of the Sixth judicial district, sitting for and in place of Judge Hickey, of the Second judicial district, presided at the trial of the case. On April 22, 1925, appellant presented a bill of exceptions to Judge Ryan, with the request that the said bill of exceptions be settled and signed. Judge Ryan returned the proposed bill of exceptions, with the statement:

"The matters set up in the bill of exceptions are not proper matters to be incorporated therein, and I am hence refusing to sign it."

This letter was addressed to T. J. Mabry, attorney for appellant. Afterwards, on April 27, 1925, Judge Ryan wrote another letter to appellant's attorney, Mr. Mabry, stating, among other things:

"I have not received a bill of exceptions incorporating the completed stenographer's transcript into the record, and of course, will sign the same on submission."

Thereafter, on June 6, 1925, the appellant presented his proposed bill of exceptions to Judge Helmick, judge of the Second judicial district, and the successor to Judge Hickey. The appellee appeared and objected upon several grounds to the action of Judge Helmick in settling and signing the bill of exceptions; the material objections thereto being now urged in support of the motion to strike.

[1] The material points presented by the motion to strike the bill of exceptions are: First, that the bill of exceptions was signed and sealed by a judge not having power thereto; second, that no exceptions were taken to the proceedings in the trial court, and, therefore, the transcript of the proceedings is not in fact a bill of exceptions. It is the contention of appellee that when Judge Ryan became authorized and did preside over the cause in the place of Judge Hickey of the second district, his jurisdiction in said cause was exclusive and continued until it was disposed of by him. It is claimed by appellee that the identical question came up for consideration of this court in the case of State v. Towndrow, 25 N. M. 203, 180 P. 282. We are unable to agree with counsel for appellee that this identical question was present in that case. That was a trial for

murder, held in the county of Quay. The chief justice
of the Supreme Court, under section 15 of article 6 of
the Constitution, designated Judge Leahy, district judge
of the Fourth judicial district, to preside at the trial
of the case. Notwithstanding the designation of Judge
Leahy, the regular judge of the Eighth district, at
which said trial took place, over the protest of the
defendant, set the case down for trial and heard the
case, and a verdict of voluntary manslaughter fol-
lowed. On appeal to this court, the judgment of con-
viction was reversed and the cause remanded and a
new trial granted; this court saying:

"Section 15 of article 6 of the Constitution provides:
'Whenever the public business may require, the chief justice
of the supreme court shall designate any district judge of
the state to hold court in any district, and two or more
district judges may sit in any district or county separately
at the same time.' Under this provision of the Constitution,
where the chief justice of this court has designated a dis-
trict judge other than the regular presiding judge of any
given district to preside over the trial of any given cause,
his jurisdiction of said cause is exclusive, and continues
until the cause is disposed of or until his designation is
rescinded."

There was no question as to what judge should
settle the bill of exceptions raised in that case. It is
true, by way of argument and illustration, the court
cited State v. Moberly, 121 Mo. 604, 26 S. W. 364,
as holding that the special judge, who sat in the cause
instead of the regular presiding judge, had retained
jurisdiction until the final determination of the cause,
and that the bill of exceptions signed by the regular
judge should have been rejected; but we did not spe-
cifically announce that as a doctrine of this court,
because that was not the precise question presented in
the Towndrow case.

Were it not for the provision of section 27, chapter
43, Laws 1917, it might be held, in accordance with
the declaration of some of the cases cited by appellee,
that the jurisdiction of the judge appointed to try a
particular case continues even to the settling of the
bill of exceptions in case of appeal, but that statute
says that the application shall be made to "the judge
of the court in which said cause was tried."

This question of who may settle and certify a bill of exceptions . has been a troublesome and confusing one. The first New Mexico case dealing with this question coming to our notice is Wheeler v. Fick, 4 N. M. (Gild.) 14, 12 P. 625. In that case a motion was made to strike the record and bill of exceptions. That case was tried upon the 30th of April, 1885, before Judge Axtell, judge of the district court of Colfax county. On May 25, Judge Axtell resigned, and on June 10 Judge Vincent qualified as ·Judge Axtell's successor. On December 9 Judge Long qualified as judge of the court, succeeeding Judge Vincent. On December 30 Judge Long settled and signed the bill of. exceptions in that case. It was claimed that he had ·no authority to do so, the decision being put upon the ground that rule 24, section 1, provided that the bill of exceptions should be settled and signed ''by the district judge who presided at the trial of the case''; the court remarking:

"The authorities upon the question whether the retiring judge who presided at the trial, or his successor, shall sign the bill of exceptions, are in irreconcilable conflict, many courts of high distinction holding that the ex-judge should sign the bill, and many others of equal distinction and respectability holding that the incumbent should perform that duty. Any attempt to deduce from these varying decisions a uniform rule must meet with disaster. Happily,. we are relieved from this unwelcome task by the terms of our own rules."

That rule of court was superseded by our appellate procedure act, being chapter 57, Laws of 1907, being ''An act providing appellate procedure in civil and criminal cases.'' Section 26 thereof provided, among other things, that the bill of exceptions should be settled by ''the judge of the court in which said cause was tried.'' The change which the statute made in the rule is apparent. The fact that the change was made may not be ignored as a factor in construing the present statute. That there is a difference between the expressions ''the judge who presided at the trial of the cause,'' and ''the judge of the court in which the cause was tried,'' is plain. Notwithstanding the statute quoted, however, this court, in Ross v. Berry, 16 N. M. 778, 120 P. 309, decided that the judge who tried the

case, and not the presiding judge of the district, was the one to settle the bill of exceptions. The situation in that case was almost identical with the case at bar. Judge Roberts was the presiding judge of the Fourth judicial district. Judge M. C. Mechem, a judge of another district, had been duly requested to hold court in the Fourth district; the presiding judge of said court being absent. The bill of exceptions was presented to the regular presiding judge, Judge Roberts, after his return to the district and after Judge Mechem had departed therefrom. The question was next referred to in Dearborn v. Insurance Co., 17 N. M. 223, 125 P. 606, which was a case tried before Judge Pope of the Fifth district, under the territorial form of government. Upon the admission of New Mexico as a state, Judge Pope was succeeded by Judge McClure. The bill of exceptions was not presented to Judge Pope, and the time not having expired within which the same could be settled and signed, the same was presented to and signed by Judge McClure. The court said:

"The appellee claims that the territorial Supreme Court in the case of Ross v. Berry [16 N. M. 778], 120 P. 309, held that the bill of exceptions should be settled before the judge who tried the case. The facts, however, in the case of Ross v. Berry, supra, were altogether different from the facts in the case now before the court. In that case the bill of exceptions was not signed by the judge who tried the case, or his successor, but was presented to and signed by the judge of another district. The matter of making up a bill of exceptions and settling the same, and the signing thereof is regulated by statute. Sec. 26, of chap. 57, Session Laws of 1907, provide for the settling and signing of a bill of exceptions by 'the judge or his successor.' Judge McClure being the successor of Judge Pope, as judge of said district, properly signed the bill of exceptions, therefore the motion to strike the bill of exceptions will be overruled."

It will be seen from the language in that case that the court was disposed to adhere to the ruling in Ross v. Berry, 16 N. M. 778, 120 P. 309, and it is hinted that in that kind of a case "successor" meant the successor of the judge who tried the case, and not the successor of the "judge of the court in which the case was tried. It would seem that under such a holding all of the force of the argument that the court relied upon in Ross v. Berry would be lost—that is,

that the judge who tried the case was better circumstanced to settle the bill of exceptions than the judge who had not heard the evidence upon the trial—because it is apparent that the successor of the one who tried the case, being specially appointed for that purpose, would be just as unfamiliar with the proceedings on the trial as would the regular presiding judge.

In Ravany v. Equit., etc., Soc., 26 N. M. 41, 188 P. 1108, the question again came before the court where it is believed the true rule was established, that section 27, chapter 43, Laws of 1917, authorizes the judge of the district court, or his successor, to settle and sign the bill of exceptions. Appellee claims that the Ravany case is not an authority against his contention in the case at bar. In considering the decision in the Ravany case, and the weight to be given to it as a precedent, it is necessary not only to consider the language employed, but the condition of the law at the time of the previous holding of the court in Ross v. Berry, 16 N. M. 778, 120 P. 309, which was specifically repudiated. We do not see how we could sustain appellee's contention in this case without re-establishing the doctrine laid down in Ross v. Berry, which we have specifically overruled. We reaffirm the doctrine of the Ravany case, and we hold that the judge of the court in which the case was tried, and not the judge specifically appointed to hold court for the regular judge, is the only proper one to settle and sign the bill of exceptions, unless the regular judge should for some reason be incapacitated to perform that duty.

In the Ravany case, we construed the language of section 15 of article 6 of the Constitution to mean, not only that the judge designated could hold court in any district, but that he could be designated to "do any other official act," and in that case a judge was designated to perform the single judicial act of settling and signing a bill of exceptions.

In the case at bar, the appellant, according to his statement in his argument, was confused as to the proper course to pursue, and out of an abundance of

caution applied to the chief justice of the Supreme
Court for an order designating Judge Helmick as the
judge to sign, settle, and seal the bill of exceptions in
this case. Such order was duly made and had become a
part of the records in this case. Apparently from
section 15 of article 6 of the Constitution, the thing
which moves the discretion of the chief justice is a
showing that the public business requires the designa-
tion of a special judge to perform the functions which
otherwise might be performed by a regular presiding
judge. The order in this case recites that Judge Ryan,
who tried the case, was out of his district. No attack
has been made upon the order of the chief justice, no
motion was made to set it aside, and the designation
of Judge Helmick therein as the judge to settle and
sign the bill of exceptions has never been rescinded.

It is further argued by the appellee that there is
an additional reason for his motion, in that the
appellant having applied to Judge Ryan for the signing
and settling of the bill of exceptions, and the refusal
of Judge Ryan to settle the same, was a submission to
such judge of the matter and an adjudication by him,
and that appellant could not have the judgment of two
judges upon the same proposition. From the language
of the two letters from Judge Ryan, quoted in the
early part hereof, we are not satisfied that Judge Ryan
ever refused to settle the bill of exceptions. From all of
the foregoing, we conclude that the bill of exceptions
was properly settled, signed, and sealed.

We think it proper to observe that in case the regular
"judge of the court in which the case was tried" should
be unable to settle the bill of exceptions, say, for
example, not having been the judge who tried the case,
and a transcript of the stenographer's notes taken upon
the trial cannot be obtained, a review would not fail,
because that situation would move the discretion of the
chief justice of the Supreme Court to designate a
district judge to perform this judicial act, and it might
be that the special judge who tried the case would be
the one designated.

Appellee's second contention is that what purports
to be a bill of exceptions is not such in fact, because
the appellant was not present at the trial and took no
exceptions to the proceedings on the trial. Here, also, it
will be profitable to consider some of the earlier
expressions of this court concerning the nature, in
general, of bills of exceptions. In Rogers v. Richards,
8 N. M. 658, 47 P. 719, the court said:

" 'The bill of exceptions is a simple history of the case
as tried, and should contain nothing more nor less than
the facts as they appeared to the court and jury from the
commencement of the trial until the final judgment by the
court.' Gallaher v. State, 17 Fla. 379. 'A bill of exceptions
is a formal statement in writing of exceptions taken by a
party in the trial to a ruling, decision. charge, or opinion
of the trial judge, setting out the proceedings on the trial;
the acts of the trial judge alleged to be erroneous; the
objections and exceptions thereto, together with the grounds
therefor and authenticated by the trial judge according to
law.' 3 Ency. Pl. and Prac. 378. If this definition further
specified that the bill of exceptions should contain all
evidence necessary to an understanding of the exceptions,
it would be quite complete."

In Denver & R. G. R. R. Co. v. U. S., 9 N. M. 309,
51 P 679, we considered the motion to dismiss the writ
of error made upon the ground, among others, that
there was no bill of exceptions here upon which the
assignments of error could be based The certificate of
the judge settling the bill of exceptions recited that
the same contained certain specified matters and "also
the notes of the testimony of witnesses, as taken down
by counsel for said defendant upon the trial of said
cause; but the same does not contain all the evidence
introduced upon the trial of said cause, nor the objec-
tions of counsel thereto, nor the rulings of the court
thereon; also, the objections, amendments and motions
of plaintiff regarding the proposed bill of exceptions
offered by the defendant." The certificate then closed
by settling the transcript as a bill of exceptions. The
court proceeds:

"We had occasion, in Rogers v. Richards, supra, to define
a 'bill of exceptions'; and, speaking of what it should em-
brace, we said, among other things, that it 'should contain
all evidence necessary to an understanding of the exceptions,'
and, we perhaps should have added, 'and a review thereof.'

To 'settle a bill of exceptions' would not mean to approve, as occurring on the trial, something merely claimed to have so occurred, but to do so is for the judge to assert officially that it did occur. Therefore we take it that the judge has, by settling this bill of exceptions, and by order judicially making it 'a part of the record in said cause,' declared that 'the notes of the testimony of witnesses, as taken down by counsel,' was the testimony given on said trial. What effect has the statement made by the judge that 'the bill does not contain all the evidence introduced upon the trial?' We do not see that it has any effect, as disparaging the sufficiency of what he has approved as a bill of exceptions. The judge had a right and a duty to settle the bill of exceptions. To 'settle' means to approve; and if, on the face of the settled or approved bill of exceptions, it does not affirmatively appear that there is omitted evidence necessary for a determination of the error assigned, it should be held sufficent. Does this bill of exceptions show that it is insufficient for review of the errors? As to this we will content ourselves with saying that some of the alleged errors, at least, may certainly be reviewed; and we will permit such contention to be made as counsel are advised on this subject on the argument of the cause on its merits. The motion to dismiss is overruled."

It is appellant's contention that appellee, plaintiff below, totally failed to make proof of the issues presented by her complaint and traversed by the answer of appellant, and in his argument plants himself squarely upon the proposition that, so far as the matters appearing in the bill of exceptions are concerned, he not having been present at the trial and objected to the introduction of testimony, yet if he fails to show that all of the evidence unobjected to, taken together, fails to prove the plaintiff's case, the appellee should prevail.

Appellee cites many cases in which this court has held that the appellate court will not consider errors not excepted to in the trial court at the time the ruling was made, and that in some manner or other the party complaining should call the specific error to the court's attention by proper exception or objection. Appellant says that he has no criticism of these rulings, but calls our attention to Orr v. Hopkins, 3 N. M. (Gild.) 188, 3 P. 61; Baca v. Perea, 25 N. M. 446, 184 P. 484, in the last of which cases the court said:

"There is a well-recognized exception to this rule, to the effect that the court will notice, without exception or presentation, jurisdictional and other matters which may render a case inherently and fatally defective and require reversal."

We do not now consider whether this case falls within this exception, but merely that the bill of exceptions, appearing to have been regularly settled, signed, and sealed, will not be stricken merely because no exceptions appear therein.

[2] In Standard Fuel Co. v. Garden City Fuel Co., 117 Ill. App. 259, the appellee moved to strike the bill of exceptions from the record and affirm the judgment for the reason that there were no exceptions in the bill of exceptions. The court decided:

"The absence of any exceptions in a bill of exception properly filed is not ground for striking the same from the record."          :' |

From all of the foregoing, we are of the opinion that the motion of the appellee to strike the bill of exceptions should be overruled, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.