[No. 3123, Jan. 21, 1927]

STATE v. STEWART

[255 Pac. 393]

SYLLABUS BY THE COURT

A district judge, sitting in a county outside of his district for and at the request of the resident judge, may settle and sign a bill of exceptions presented to him while so sitting.

Appeal from District Court, Dona Ana County; Ryan, Judge.

Wesley Stewart appeals. On motion to strike the bill of exceptions. Motion denied.

Holt & Sutherland, of Las Cruces, for appellant.

Fred E. Wilson, Atty. Gen., for the State.

OPINION OF THE COURT

PARKER, C. J.    A motion to strike the bill of exceptions is filed based upon the proposition that the same was settled and signed by a district judge without authority. It appears that Judge Ryan, of the Sixth judicial district, at the request of Judge Mechem, judge of the Third judicial district, sat in the trial of the case. In settling and signing the bill of exceptions he subscribed himself as:

"Judge of the Sixth Judicial Court of the State of New Mexico, sitting for and at the request of Hon. Edwin Mechem, Judge of the Third Judicial District of the State of New Mexico."

The Attorney General in support of his motion to strike the bill of exceptions relies upon Schaefer v. Whitson, 31 N. M. 96, 241 P. 31. In that case we used the following expression:

"We reaffirm the doctrine of the Ravany Case, and we hold that the judge of the court in which the case was tried, and not the judge specifically appointed to hold court for the regular judge, is the only proper one to settle and sign the bill of exceptions, unless the regular judge should for some reason be incapacitated to perform that duty."

[1] 4 CJ p. 251 n. 48.

We held in Ravany v. Equitable, etc., Soc. 26 N. M. 41, 188 P. 1108, that when a judge is designated by the Chief Justice of the Supreme Court to settle and sign the bill of exceptions in a given case, he becomes and is for the time the judge of the district court of that county for that purpose, and is authorized to settle and sign the bill of exceptions. The same result must be true in the case of the selection of the district judge of another district by the judge of any given district to sit and hold court for him in his district. The designation by the Chief Justice and the selection by the district judge of another judge to hold court in any district, are both contained in the same section of the Constitution, which is section 15 of article 6. It is apparent, therefore, that Judge Ryan in the present case, purporting to act upon the request of Judge Mechem, had full power to sign the bill of exceptions in this case. We have just now examined this question in First State Bank of Alamagordo and Border National Bank of El Paso v. Robert J. McNew et al., 252 P. 997, and the same conclusion is there reached in an opinion by Mr. Justice Bickley.

It follows that the motion to strike the bill of exceptions should be denied; and it is so ordered.

BICKLEY and WATSON, J. J., concur.